STONE, Judge.
The trial court, in ruling on Appellant’s motion to have coercive and/or compensatory contempt sanctions awarded to her individually, concluded that it did not have discretion to make such an award, relying on In re: Chase & Sanborn Corp., Granfinanciera, S.A. v. Nordberg, 872 F.2d 397, 401 (11th Cir.1989). We reverse.
The parties were divorced in 1992. Shortly thereafter, during a visitation, Appellee left the country with the couple’s two children and has continually ignored court orders for their return. After extensive efforts for return of the children failed, the trial court imposed monetary sanctions on the former husband of $1,000,000.00, payable to the state, for each subsequent week of non-compliance. That fine was subsequently increased to $5,000,000.00 per week without results to date. It is undisputed that Appel-lee is an individual of immense wealth capable of paying these fines. However, the state has so far failed to take any steps toward collection. As Appellant and her attorneys obviously lacked the standing to reduce these fines to judgment in order to induce compliance, she requested these fines be made payable to her, in hope that her subsequent effort to collect would result in her children’s return.
Although there is no Florida authority providing for paying coercive monetary sanctions directly to a party, the supreme court, in Johnson v. Bednar, 573 So.2d 822, 823 (Fla.1991), approved a decision by this court in which the petitioners were assessed a coercive contempt fine which was payable directly to the respondent. As such, even though Johnson was not decided on this issue, the decision supports a conclusion that trial courts have the discretion to award coercive monetary sanctions directly to a party.
Appellant made an alternative request for compensatory monetary sanctions. This request was based on allegations of emotional *1295 damages incurred as a result of Appellee’s keeping the children out of the country in violation of the court order. We recognize that in Johnson the supreme court stated that “[i]f compensation is intended, the fine must be based on evidence of the injured party’s actual loss.” Id. at 824. However, we can discern no basis in this context to narrowly define actual loss as including only liquidated losses.
Compensatory sanctions are generally confined to commercial matters where the actual loss is easily quantifiable. However, in non-commercial circumstances, such as those present here, the fact that damages are not liquidated should not be an absolute bar to recovery, where such damages are justified in the record by the trial court as a reasonable exercise of discretion. We therefore also conclude that where a party provides the trial court with a reasonable basis for concluding that a compensable injury may have been suffered as a result of a willful violation of a contempt order, it is within the court’s discretion to consider compensation for the injury, although unliquidat-ed, as a sanction.
We make no judgment as to Appellant’s entitlement to receive these forms of relief as sanctions, but only recognize the trial court’s discretion to consider such sanctions. Therefore, on remand, the trial court shall have the discretion to consider either or both of the above sanction alternatives.
PARIENTE and SHAHOOD, JJ., concur.